IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| NICHOLAS MILTON, and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 3:20-cv-00043-MHL TRIAL BY JURY DEMANDED |
| QUALITY ECO TECHNOLOGIES, LLC., | ) ) ) ) | |
| Defendant. | ) | |

## COLLECTIVE ACTION COMPLAINT

COMES NOW Plaintiff Nicholas Milton, by counsel, and makes the following allegations on behalf of himself and all others similarly situated:

### PRELIMINARY STATEMENT

1.     This proceeding is a Collective Action for declaratory relief, injunctive relief, and to recover unpaid overtime compensation and liquidated damages under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*., as amended ("FLSA" or "the Act") for Plaintiff Nicholas Milton ("Milton")  and all others similarly situated (collectively, "Plaintiffs").

### PARTIES

2.     Defendant Quality Eco Technologies, LLC, ("QET"), is a Virginia corporation with a principal place of business located at 9323 Midlothian Turnpike Ste T, Richmond, VA 23235.[1]  QET is in the business of providing and installing eco-friendly ventilation, air filtration, insulation, and power conservation products to residential and commercial customers.   QET

---

[1] Per the Virginia SCC Information system as of 1/6/20.  Plaintiff understands QET may have recently moved to a new location, 2620 Decatur St Bldg 25A, Richmond, VA 23224.

conducts business throughout the United States from its Richmond, Virginia headquarters.[2]  QET is an "employer" within the meaning of 29 U.S.C. § 207(a)(1) and was Plaintiffs' "employer" within the meaning of 29 U.S.C. § 203(d) at all times relevant to this action.

3.     Plaintiff Milton is a resident of Richmond, Virginia and a former employee of QET.  Milton was employed by Defendant as an Installer from in or about late January 2019 through late September 2019.  Milton worked out of Defendant's Richmond area operations but serviced customers up and down the Eastern United States.  At all times relevant hereto, Milton, and all others similarly situated, were misclassified as independent contractors, but, in actuality, were employees of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

4.     Milton brings this action on behalf of himself and other similarly situated current and former employees of Defendant pursuant to 29 U.S.C. § 216(b).  Plaintiffs and the similarly situated employees are individuals who were, or are, employed by Defendant as "Installers" or "Installation Techs," or with duties similar to "Installers" or "Installation Techs," within the three years preceding the filing of this complaint.

JURISDICTION AND VENUE

5.     This Court has jurisdiction over this matter pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §§2201 and 2202.

6.     Venue is proper in this judicial district under 28 U.S.C. §1391(b).

7.     Defendant is subject to personal jurisdiction in the Commonwealth of Virginia.

REPRESENTATIVE ACTION ALLEGATIONS

8.     Plaintiff files this statutorily authorized collective action as Representative Plaintiff.  Plaintiff consents to become a party plaintiff in this representative FLSA action

---

[2] *See* https://www.qualityecotech.com/about-us/. (last visited December 12, 2019)

pursuant to 29 U.S.C. § 216(b), as evidenced by the attached "Plaintiff Consent Form," attached hereto as Exhibit 1.

9.      Defendant employs, and has employed, multiple persons in the same job functions and/or positions as Plaintiffs occupied.

10.      These employees perform, and have performed, functions which entitle them to payment of overtime compensation wages that they have not received.

11.      Defendant compensated Plaintiff, and those similarly situated, on a uniform compensation basis common to Plaintiffs and other persons performing similar job functions. Additionally, Defendant misclassified all Plaintiffs as independent contractors despite the character and nature of Plaintiffs' terms and conditions of employment unambiguously indicating that they were, in fact, employees.

12.      On information and belief, all of Defendant's operations are centrally managed as a single enterprise, and all or most of Defendant's employees performing functions similar to Plaintiffs are subject to common, uniform time-keeping and payroll practices.

13.      The "collective" or "class" of similarly situated employees is composed of all present and former employees of Defendant who performed the same or similar job functions as the Plaintiffs and are or were subject to the same pay practices, and have been employed within three (3) years of the date of filing of this action.

14.      Plaintiff asserts that Defendant's willful disregard of the overtime laws described herein entitles Plaintiff and similarly situated employees to the application of a three (3) year limitations period.

## FACTUAL ALLEGATIONS

15.     At all times relevant hereto, Defendant has been an "enterprise" engaged in commerce or in the production of goods for commerce as that term is defined by 29 U.S.C. §203(s)(1).  Upon information and belief, at all times relevant hereto, Defendant's annual gross income as an enterprise exceeded $500,000.

16.      Defendant employed Milton as an "Installer."

17.     As an Installer, Milton's duties consisted of delivering and installing whatever materials and/or devices a customer had ordered from QET.

18.     Though he worked out of Richmond, Milton was required to drive to several different states to deliver materials and perform installations for QET customers.

19.     Due to a confluence of regular long drive times to and from out of town jobs, the large volume of jobs Installers were required to perform, and the magnitude of work required by many of those jobs, Plaintiffs regularly worked more than 40 hours a week performing work for QET. For example, Plaintiff calculates based on job records and travel logs, that for the work week ending 2/2/19 he worked approximately 81.5 hours, 49.75 hours the following week, and 61 hours the week after that.  In those weeks, Milton was made to travel hundreds or even thousands of miles and service multiple QET customers.  These exemplar weeks are indicative of Milton's regular hours worked and are the same experienced by those similarly situated.

20.     Milton, and those similarly situated, were trained by QET about the products used and on how to perform said installations.

21.     Milton, and those similarly situated, were assigned jobs by QET and did not have any control over the hours they worked.  Additionally, as a term of their employment, despite supposedly being independent contractors, Plaintiffs were made to sign a non-compete

agreement prohibiting them from performing work for any QET competitors both during, and for a time period after, their employment with QET.

22.     In performing his duties, Milton, and those similarly situated, were required to wear a QET uniform, typically drove QET vehicles, and used QET tools and supplies.  Milton, and those similarly situated were also provided a QET credit card for those instances when supplies or tools had to be purchased.

23.     Because QET misclassifies Installers as independent contractors, it paid Plaintiffs only on a commission basis (set exclusively by QET) and failed to pay them minimum wages as well as owed overtime in those weeks where they worked more than forty (40) hours.

24.     QET controlled all aspects of the employment relationship.  It also reserved the right to illegally deduct earned money from Plaintiffs' "paycheck" if certain weekly and daily duties were not completed.  Such duties include cleaning QET vehicles to the satisfaction of management, completing installation forms, submitting receipts, submitting inventory counts, and straightening and organizing the inventory rooms.

25.     Milton's job duties, and the job duties of those similarly situated to Plaintiffs, specifically the manual installation and delivery of insulation, air filtration, and ventilation products and systems are not exempt from the coverage of the FLSA.

26.      At all relevant times, Milton and other similarly situated employees have been entitled to the rights, protections, and benefits provided under the FLSA.

27.     Throughout Plaintiffs' employment with Defendant, Plaintiffs were regularly required to work in excess of forty (40) hours a week.

28.     During Milton's employment with Defendant, Defendant did not pay him or other similarly situated employees overtime compensation for hours worked in excess of forty (40)

hours a week ("overtime work"), nor were they provided a guaranteed weekly payment at least equivalent to the minimum wage.

29.     On information and belief, Defendant continues to deny similarly situated individuals overtime compensation for overtime work.

30.     At all times relevant to the matters alleged herein, Defendant has had a policy and practice of misclassifying Installers and/or Installation Techs as independent contractors and not properly compensating them with minimum and overtime wages due for work performed for Defendant's benefit.  This time is compensable time under the FLSA.

31.     Plaintiffs and other similarly situated employees were paid on a "commission" basis, irrespective of hours worked above forty (40) hours in an individual week.  No overtime compensation was paid to Plaintiff or those similarly situated for any hours worked over forty in a workweek.

32.     The FLSA requires covered employers such as Defendant to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week.

33.      At all times relevant hereto, Defendant knew, or should have known, that federal wage laws, generally, and the FLSA, specifically, applied to its employees.  Likewise, Defendant knew, or should have known it was misclassifying Installers and/or Installation Techs.

34.     On information and belief, Defendant had knowledge of its FLSA requirements to pay "Installers" and other employees performing similar collecting functions, overtime compensation for hours worked in excess of forty (40) per week.

35.     Despite knowledge of its obligations under federal wage laws, including the FLSA, Defendant suffered and permitted Plaintiff and similarly situated employees to routinely work more than forty (40) hours per week without overtime compensation.

36.     Defendant had an obligation under the FLSA to maintain accurate records of time worked by employees.  For at least some portion of the relevant time period, Defendant failed to maintain accurate time records of the time employees expended efforts on its behalf.

37.     On information and belief, Defendant continues to fail to maintain accurate time records of any kind for Installers or Installation Techs.

38.     Defendant willfully violated the FLSA by misclassifying, and failing to pay, Plaintiff and other similarly situated employees overtime compensation.

39.     Defendant has failed, and on information and belief, continues to fail to maintain accurate time records for Plaintiff and other similarly situated employees as required by the FLSA.

40.     Defendants willfully violated the FLSA by, among other things, failing to keep accurate time records of all hours worked by Plaintiff and other similarly situated employees.

41.     The foregoing conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), as Defendant knew, or showed reckless disregard for, the fact that its compensation practices were in violation of these laws.

42.     Plaintiff and other similarly situated present and former employees are entitled to statutory damages equal to the mandated overtime premium pay within the three (3) years preceding the filing of this Complaint.

43.     Defendant showed a reckless disregard for FLSA overtime requirements. Although Defendant had an obligation to make proper inquiry into its FLSA compliance

obligations, it failed to do so or, having inquired, it ignored or willfully attempted to avoid its legal obligations.

44.     Defendant has not acted in good faith with respect to its failure to pay overtime compensation. Defendant had no legitimate reason to believe its actions and omissions were *not* a violation of the FLSA, thus entitling Plaintiffs to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime compensation described above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A.     Approve notice, as soon as possible, to those employees and former employees similarly situated to Plaintiff, namely all Installers and Installation Techs, and other employees performing the duties of Installers who were employed by Defendant during any portion of the three years immediately preceding the filing of this action, of the existence of this FLSA representative (collective) action, the claims set forth herein and further provide notice of their right to opt-in to this action pursuant to 29 U.S.C. § 216(b). Generally, this notice should inform such employees and former employees that this action has been filed, describe the nature of the action and explain their right to opt in to this lawsuit if they were not paid the proper overtime wage compensation for their hours worked in any week during the statutory period;

B.     Designate this action as a collective action on behalf of the FLSA collective class pursuant to 29 U.S.C. §216(b);

C.     Enter judgment declaring that the acts and practices complained of herein are violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*;

D.      Enter judgment awarding Plaintiff, and all similarly situated present and former employees, actual compensatory damages in the amount shown to be due for unpaid overtime compensation, with pre-judgment interest, against the Defendant;

E.      Enter judgment that Defendant's violations of the FLSA were willful;

F.       Enter judgment awarding Plaintiff and all similarly situated present and former employees an amount equal to their overtime damages as liquidated damages;

G.      Enter judgment for post-judgment interest at the applicable legal rate;

H.      Enter judgment awarding Plaintiff, and those similarly situated, reasonable attorneys' fees and costs of this suit;

I.       Grant leave to amend this Collective Action Complaint to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; to add claims under applicable state and federal laws, including claims for minimum wages pursuant to 29 U.S.C. § 206; and/or to add other defendants who meet the definition of Plaintiffs' employer, pursuant to 29 U.S.C. § 203(d);

J.       Enjoin Defendant from future violations of the FLSA through the mandated payment of overtime compensation to similarly situated employees for hours worked in excess of forty (40) per week; and

K.      Grant such other and further relief as this Court deems necessary and proper.

Respectfully submitted,

Nicholas Milton, on behalf of himself and all others similarly situated,

By:_____/s/  *Zev H. Antell*_____
                    Counsel

Harris D. Butler, III, (VSB No. 26483)
Zev H. Antell (VSB No. 74634)
Butler Royals, PLC
140 Virginia Street, Ste 302
Richmond, Virginia 23219
Telephone: (804) 648-4848
Facsimile: (804) 237-0413
harris.butler@butlerroyals.com
zev.antell@butlerroyals.com

Craig Juraj Curwood (VSB No. 43975)
Curwood Law Firm, PLC
530 E. Main Street, Suite 710
Richmond, VA 23219
Telephone: (804) 788-0808
Fax: (804) 767-6777
ccurwood@curwoodlaw.com