IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| NICHOLAS MILTON, and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No.: 3:20-CV-00043-MHL ) |
| QUALITY ECO TECHNOLOGIES, LLC., | ) ) ) ) |
| Defendant. | ) |

## **JOINT STIPULATION OF SETTLEMENT AND DISMISSAL WITH PREJUDICE**

COME NOW Plaintiff Nicholas Milton and the Defendant Quality Eco Technologies ("QET"), Virginia, each by their respective counsel (collectively, the "Parties"), and stipulate that this matter has been settled and hereby request the dismissal with prejudice of this matter pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii).

Because this matter was brought under the Fair Labor Standards Act ("FLSA"), the Parties must seek this Court's approval of their settlement as fair, just, and adequate under the FLSA pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.3d 1350 (11th Cir. 1982).  Therefore, the Parties provide the complete terms of settlement herein and request the Court's approval of those terms and for this matter to be dismissed with prejudice.

## **STIPULATED FACTUAL SUMMARY**

Mr. Milton filed suit pursuant to the FLSA on or about January 23, 2020 alleging that he and others similarly situated were misclassified as independent contractors by QET and were owed back wages and liquidated damages for unpaid overtime. *See* Doc. [1].   On February 18, 2020, QET filed its Answer denying liability and averring multiple affirmative defenses. *See*  Doc. [5].

On or about March 5, 2020, the parties were able to reach a settlement as to Mr. Milton's claims and the parties informed the Court by phone of same that same day. In the settlement discussions, counsel for Plaintiff informed QET counsel that, based on the data in Plaintiff's possession, exposure for Mr. Milton's claims was believed to be $16,000 inclusive of liquidated damages and that accrued attorneys' fees were approximately $10,000 as of the time of settlement.[1] At the time the settlement was reached as to Mr. Milton's claims no additional opt-in Plaintiffs had filed consents to join this matter and no Motion for Conditional Certification had been filed. The same remains true as of the date of this Stipulation of Settlement.

### TERMS OF SETTLEMENT

1. In consideration for the actions, promises, and releases described herein, and subject to court approval, Defendant agrees to pay the total sum of <u>Twenty-Six Thousand Dollars ($26,000.00)</u> (the "Settlement Amount"), in full satisfaction of Mr. Milton's wage claims as described more fully below. The Settlement Amount includes all amounts to be paid by Defendant, including amounts for overtime and liquidated damages to Plaintiff, as well as attorneys' fees.

    a. The Settlement Amount shall be allocated as follows:

        i. QET shall issue a check to Mr. Milton for Eight Thousand Dollars ($8,000.00) in satisfaction of alleged owed overtime wages as a W-2 payment less all appropriate withholdings. Mr. Milton will provide QET with a W-4 document providing instruction for such withholdings.

        ii. QET shall issue a check to Mr. Milton for Eight Thousand Dollars ($8,000.00) in satisfaction of alleged liquidated damages. Such payment

---

[1] Those fees have since risen to slightly above $10,000.

     will be characterized as a 1099 payment with no withholdings, for which QET shall issue Mr. Milton an IRS Form 1099 form with Box 3 marked.

   iii. QET shall issue a check to the law firm of Butler Royals, PLC for Ten Thousand Dollars ($10,000.00) in satisfaction of Mr. Milton's claim for attorneys' fees. Butler Royals, PLC will provide QET with a Form W-9.

 b. The settlement checks referenced in Section 1(a) shall be sent Butler Royals, PLC following the later of 1) no more than 7 days following the dismissal of this lawsuit or 2) Mr. Milton's provision to QET of a W4 document. The checks remain valid for deposit for a period of no less than 90 days. Should Plaintiff require the reissue of any of these checks, Defendant shall so issue and may deduct any associated "Stop Payment" fees levied by its bank from the reissued check.

2. Subject to the approval of the Court, in consideration of the Settlement Amount, Mr. Milton, on behalf of himself and his descendants, dependents, heirs, executors, administrators, assigns and successors, hereby releases and forever discharges and covenants not to sue QET and its respective subsidiaries, parents, or other affiliates, past and present, as well as its assignees, successors, directors, officers, partners, and members, from and with respect to any and all claims that were or could have been brought by him in this lawsuit, whether known or unknown, through the date of this Settlement Agreement, limited to wage claims under federal, state, or local law for wages, hours worked, and overtime compensation, including, but not limited to, claims under the FLSA, any state minimum wage, overtime law, wage payment and collection

law, common law, unjust enrichment, or pursuant to an express or implied contract related to the payment of wages.

3. Mr. Milton's release and the terms of this settlement are limited to his individual claims. No Motion for Conditional Certification has been granted, nor filed, and there are no other Plaintiffs or opt-in Plaintiffs.

4. The Parties agree that neither this Settlement Agreement nor the furnishing of the consideration for this Settlement Agreement shall be deemed or construed as an admission by QET of wrongdoing or evidence of any liability or unlawful conduct of any kind towards Mr. Milton or any alleged similarly situated individual. QET expressly denies any wrongdoing whatsoever in connection with the allegations in this lawsuit.

5. Mr. Milton agrees to pay any taxes found to be owed by him from payments made pursuant to this Settlement Agreement. Mr. Milton acknowledges and agrees that QET and its attorneys have not made any representations regarding the tax consequences of any amounts received pursuant to this Settlement Agreement. Mr. Milton further agrees to hold harmless QET from any claims, demands, deficiencies, levies, assessments, executions, judgments or recoveries by any governmental entity for any amounts claimed due on account of this Settlement Agreement or pursuant to claims made under any federal, state or local tax laws, with the exception of QET's portion of any applicable withholding as provided in Section 1, for which QET shall be solely responsible.

6. This Agreement shall be governed by the laws of the Commonwealth of Virginia without regard to choice of law principles. The Parties agree that any action to enforce this Agreement shall be brought in an appropriate Federal court located in Richmond, Virginia, and specifically agree to jurisdiction of such court and venue in such court.

**Conclusion**

Based on the foregoing, the Parties respectfully submit that the Stipulation of Settlement filed in this case is a reasonable, fair, and adequate result under *Lynn's Food* and request the settlement be approved and that the matter be dismissed with prejudice.

Dated:  March 23, 2020

Respectfully submitted,


_____/s/ Craig J. Curwood_____     _/s/_Barbara A. Queen_____
By Counsel     Barbara A. Queen (VSB #47314)
Craig Juraj Curwood (VSB No. 43975)     Ashley R. Passero (VSB #90562)
Curwood Law Firm, PLC     LawrenceQueen
530 E. Main Street, Suite 710     701 E. Franklin Street, Suite 700
Richmond, VA 23219     Richmond, VA 23219
Telephone: (804) 788-0808     Ph.: 804-643-9343 Fax: 804-643-9368
Fax: (804) 767-6777     bqueen@lawrencequeen.com
ccurwood@curwoodlaw.com

*Counsel for Defendant Quality Eco Technologies, LLC*

Harris D. Butler, III, (VSB No. 26483)
Zev H. Antell (VSB No. 74634)
Butler Royals, PLC
140 Virginia Street, Ste 302
Richmond, Virginia 23219
Telephone: (804) 648-4848
Facsimile: (804) 237-0413
harris.butler@butlerroyals.com
zev.antell@butlerroyals.com

*Counsel for Plaintiff Nicholas Milton*

5

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 23rd day of March, 2020, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

           Barbara A. Queen (VSB #47314)
           Ashley R. Passero (VSB #90562)
           LawrenceQueen
           701 E. Franklin Street, Suite 700
           Richmond, VA 23219
           Ph.: 804-643-9343 Fax: 804-643-9368
           bqueen@lawrencequeen.com
           apassero@lawrencequeen.com

           *Counsel for Defendant*
           *Quality Eco Technologies, LLC*

           \_\_\_\_*/s/*_____
           Craig Juraj Curwood