IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**NICHOLAS MILTON,** *et al.,*

        **Plaintiffs,**

v.                                                                      **Civil Action No. 3:20cv43**

**QUALITY ECO TECHNOLOGIES, LLC,**

        **Defendant.**

## MEMORANDUM ORDER

This matter comes before the Court on the Parties' "Joint Stipulation of Settlement and Dismissal with Prejudice" (the "Stipulation of Dismissal"). (ECF No. 11.) The Parties[1] jointly ask the Court to find the settlement, detailed in the Stipulation of Dismissal, "reasonable, fair, and adequate" and to dismiss this matter with prejudice. (Stipulation Dismissal 5, ECF No. 11.)

### I. Factual and Procedural History

In the Stipulation of Dismissal, the Parties present a "Stipulated Factual Summary." (Stipulation of Dismissal 1.) Because the Parties have stipulated to these facts, the Court need not make additional findings of facts and the Court simply reproduces the facts as presented by the Parties.

> Mr. Milton filed suit pursuant to the FLSA on or about January 23, 2020 alleging that he and others similarly situated were misclassified as independent contractors by [Quality Eco Technologies, LLC ("QET")] and were owed back wages and liquidated damages for unpaid overtime. *See* Doc. [1]. On February 18, 2020, QET filed its Answer denying liability and averring multiple affirmative defenses. *See* Doc. [5] On or about March 5, 2020, the parties were able to reach a settlement as to Mr. Milton's claims and the parties informed the Court by phone of same that same day. In the settlement discussions, counsel for Plaintiff informed QET

---

[1] Although Plaintiff Nicholas Milton files this suit as a "Collective Action Complaint" on behalf of himself and "all others similarly situated," no other plaintiffs have joined this action at the time of the filing of the Stipulation of Dismissal. (Compl. 1, ECF No. 1.)

counsel that, based on the data in Plaintiff's possession, exposure for Mr. Milton's claims was believed to be $16,000 inclusive of liquidated damages and that accrued attorneys' fees were approximately $10,000 as of the time of settlement.[2] At the time the settlement was reached as to Mr. Milton's claims no additional opt-in Plaintiffs had filed consents to join this matter and no Motion for Conditional Certification had been filed. The same remains true as of the date of this Stipulation of Settlement.

(Stipulation of Dismissal 1–2.)

## II. Legal Standard

Either the United States Department of Labor or a federal district court must approve a settlement under the FLSA. *Taylor v. Progress Energy, Inc.*, 415 F.3d 364, 374 (4th Cir. 2005). Pursuant to 29 U.S.C. § 216(b), when an employee brings a private action for unpaid wages under the FLSA, and presents to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Boone v. City of Suffolk*, 79 F. Supp. 2d 603, 605 (E.D. Va. 1999). In determining whether a settlement is "fair, adequate, and reasonable" a strong presumption exists in favor of finding a settlement fair. *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08cv1310, 2009 WL 3094955, at *10 (E.D. Va. Sep. 28, 2009). Courts consider a number of factors in evaluating a FLSA settlement agreement, including:

(1) the extent of discovery that has taken place;

(2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation;

(3) the absence of fraud or collusion in the settlement;

(4) the experience of counsel who have represented the plaintiffs;

(5) the probability of plaintiffs' success on the merits; and,

(6) the amount of the settlement in relation to the potential recovery.

---

[2] Those fees have since risen to slightly above $10,000.

*Id.* at *10 (citing *Flinn v. FMC Corp.*, 528 F.2d 1169, 1173–74 (4th Cir. 1975)); *Patel v. Barot*, 15 F. Supp. 3d 648, 656 (E.D. Va. 2014) (citing *In re Dollar Gen. Stores FLSA Litig.* No. 5:09–MD–1500, 2011 WL 3841652, at *2 (E.D.N.C. Aug. 23, 2011)).

### III. Analysis

The Stipulation of Dismissal constitutes a fair, adequate, and reasonable resolution of a *bona fide* dispute. In the Stipulation of Dismissal, the Parties "provide the complete terms of settlement." (Stipulation Dismissal 1.) In summary, the Parties agree that QET will $26,000 total to settle this matter. This $26,000 payment is broken down into three separate payments. First, QET will pay $8,000 to Milton "in satisfaction of alleged owed overtime wages." (*Id.* 2.) Second, QET will pay $8,000 to Milton "in satisfaction of alleged liquidated damages." (*Id.*) Finally, QET will pay $10,000 to the law firm of Butler Royals, PLC "in satisfaction of Mr. Milton's claim for attorneys' fees." (*Id.* 3.) In return, Milton agrees to "release[] and forever discharge[] and covenants not to sue QET . . . from and with respect to any and all claims that were or could have been brought by him in this lawsuit . . . " (*Id.*) The Parties agree that Milton's "release and the terms of this settlement are limited to his individual claims." (*Id.* 4.)

The first prong of the analysis—the extent of discovery—supports approving this agreement. The Parties represent that they reached settlement in this matter approximately forty two days after Milton filed his Complaint. (*Id.* 1–2.) It appears no discovery has taken place; therefore this agreement efficiently resolves the pending claims.

The second prong—the stage of the proceedings—also supports approving this agreement. The potential complexity of the case, should it proceed, supports a finding that the Stipulation of Dismissal constitutes a fair, adequate, and reasonable resolution. *See Lomascolo*, 2009 WL 3094955 at *10. The Complaint seeks damages for unpaid wages on behalf of Milton

and all similarly-situated individuals. Although at the time of the Stipulation of Dismissal no other plaintiffs have filed consents to join this matter, the inclusion of multiple plaintiffs, each bringing multiple claims, would have resulted in a complex case with substantial expenditures by both Parties and a potentially lengthy period of litigation.

As to the third prong—the absence of fraud or collusion—nothing in the record suggests fraud or collusion from either party. Therefore, this prong also supports approving the settlement detailed in the Stipulation of Dismissal.

The fourth factor—the experience of Milton's counsel[3]—favors approval of this settlement. Finally, the fifth and sixth factors—Milton's probability of success on the merits of his claims and the amount of the settlement in relation to the potential recovery—favors approval of the settlement. The Stipulation of Dismissal compensates Milton for both unpaid overtime wages, liquidated damages, and attorneys' fees. It provides Milton with payment of $16,000 total and his attorneys with a payment of $10,000.

In sum, each of the six factors favor approving the settlement detailed in the Stipulation of Dismissal.

---

[3] Attorneys with the law firms of Butler Royals PLC and Curwood Law Firm PLC represent Milton.

## IV. Conclusion

Accordingly, upon consideration of the Stipulation of Dismissal, the Court finds that the settlement agreement submitted by the Parties to the Court is a fair, adequate, and reasonable resolution of a *bona fide* dispute. *See Lomascolo*, 2009 WL 3094955 at *10. The Court APPROVES the settlement as detailed in the Stipulation of Dismissal and DISMISSES WITH PREJUDICE this case.

The Clerk is DIRECTED to close this matter.

It is SO ORDERED.

/s/ MHL
M. Hannah Lauck
United States District Judge

Date: 3/23/2020
Richmond, Virginia

5